YOUNG and wife, Appellants, vs. MINER and others, Respondents.

*January 12—January 31, 1911.*

*Mortgages: Redemption: Parties.*

Where, after the giving of a deed which, though absolute in form, is claimed to have been merely a mortgage, the grantor conveyed all his interest in the land to a third person, such grantor is not a necessary or proper party to an action by the second grantee to redeem from the alleged mortgage.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

William Young in his lifetime was the owner of the southeast quarter of the northeast quarter and the northeast quarter of the southeast quarter and the south half of the southeast quarter of section 21, township 10 north, of range 1 west. In 1885 he mortgaged said premises to one J. W. Lybrand. In 1891 he died leaving a widow and several heirs. All of the heirs united in a deed of the premises to *Jesse Young,* who executed a new mortgage to Lybrand for $650, being the balance due on the old mortgage together with some advances made to pay off some of the heirs. *Jesse Young* in turn deeded the south half of the southeast quarter to Jacob and Albert Young, subject to the mortgage. Jacob and Albert Young were the plaintiffs in the case of *Young v. Miner,* reported in 141 Wis. 501, 124 N. W. 660. At the time Jacob and Albert brought their action, *Jesse Young* and *Leona Young,* his wife, brought the action we have presently under consideration, seeking the same kind of relief as to the parcels of land which they claimed to own. Both cases were tried together and were decided at the same time, but the appeal in the present action was not taken until after the record in the other case was returned from this court. All other facts essential to an understanding of the questions raised on this appeal will be found in the statement of facts in *Young v. Miner, supra.*

*A. C. Vaughan,* for the appellants.
*L. H. Bancroft,* for the respondents.

BARNES, J.   The appellants contend that under the decision in *Young v. Miner,* 141 Wis. 501, 124 N. W. 660, referred to in the statement of facts, the judgment in this action must be reversed.   The respondents insist that Jasper Haller was a necessary and indispensable party to the action, without whose presence judgment could not be rendered in plaintiffs' favor, and that the judgment therefore was right.

If Jacob and Albert Young did not convey to Lybrand all their interest in the south eighty-acre tract by the deed executed February 25, 1899, then Haller did not convey all of his interest in the north eighty-acre tract by his deed to Lybrand executed on the same day.   Both deeds were given to the mortgagee at the same time and under the same circumstances and as part of the same transaction, and the evidence so far given shows that, if one of the grantors has the right to have his deed in effect declared a mortgage, all have.   Before this action was tried Haller conveyed his interest in the premises to the plaintiff *Jesse Young.*   If that interest was an equity of redemption it might be conveyed.   The plaintiffs are standing on that conveyance, and must stand on it, because if Haller parted with his equity of redemption it is manifest that the plaintiffs have no cause of action.   This being the situation, it is not apparent how Haller is a necessary or even a proper party to the action.   For the reasons stated in *Young v. Miner, supra,* the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.